UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK A. BRENNER, II

       Plaintiff,                  CIVIL ACTION NO. 11-CV-13888

vs.

                                      DISTRICT JUDGE AVERN COHN

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:** This Court recommends that Defendant's motion to dismiss (docket no. 10) be **GRANTED** and Plaintiff's case be dismissed.

**II.   PROCEDURAL HISTORY:**

Plaintiff filed the instant *pro se* complaint on September 7, 2011, seeking review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. (Docket no. 1). On November 14, 2011, Defendant filed a motion to dismiss claiming that the instant complaint was untimely filed. (Docket no. 10). Plaintiff filed a response to Defendant's motion on December 13, 2011. (Docket no. 12). Defendant filed a reply. (Docket no. 13). For the following reasons, the Court recommends that Defendant's motion to dismiss be granted.

Title 42 U.S.C. § 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of

> such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

An individual is presumed to have received notice of the Commissioner's decision five days after the mailing of such notice. 20 C.F.R. §§ 404.981, 404.901, 422.210(c).

Here, the notice denying Plaintiff's application for benefits is dated June 30, 2011.[1] Accordingly, Plaintiff is presumed to have received this notice by July 5, 2011. Plaintiff contends that he received the Appeals Council Notice in the mail on July 7, 2011 rather than July 5, 2011. He included with his complaint a copy of the Appeals Council Notice with a "received" stamp on it reflecting the date of July 7, 2011. Whether Plaintiff received the notice on July 5 or July 7, 2011 is of little consequence. In either event, to be timely Plaintiff's complaint must have been filed on or before September 6, 2011. Plaintiff's complaint was filed on September 7, 2011, one day past the filing deadline.

The Court reviews the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56 because matters outside of the pleadings have been presented for the Court's review. It is well-established that the sixty day limit in § 405(g) is not jurisdictional, but rather a period of limitations subject in the rare case to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467,

---

[1] The parties show that the Notice of Appeals Council Action provided Plaintiff with the following information:

> **How to File a Civil Action**
> You may file a civil action . . . by filing a complaint in the United States District Court for the judicial district in which you live.
>
> **Time to File a Civil Action**
> You have 60 days to file a civil action (ask for court review).
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(Docket nos. 1, 10).

480 (1986). In *Bowen*, the Supreme Court determined that tolling of the limitation period may be appropriate in the exceptional case, such as where filing was delayed by illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process. *Id*. at 480 n.12. In determining whether to toll the limitations period, the court should consider: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Cook v. Comm'r*, 480 F.3d 432, 437 (6th Cir. 2007).

Plaintiff does not argue that he was not aware of the sixty day limitation period. Indeed, Plaintiff attached a copy of the Appeals Council Notice showing that he was given clear direction that he must file his lawsuit within sixty days of receiving the notice. Instead, Plaintiff claims that he was simply unable to meet the filing deadline because he was overwhelmed by life's circumstances and unable to handle the stress. He claims that within a seven month period of time he suffered three deaths in his family and he assumed responsibility for settling the estates of his deceased family members for which he was named executor. He also claims that he suffered from chronic pain, medication side effects, and variable living arrangements that ultimately caused him to seek voluntary hospitalization from August 31, 2011 to September 6, 2011.

Plaintiff claims that although he sought legal advice he was unable to retain an attorney to assist him with his case. On September 3, 2011, Plaintiff's care giver brought him papers to sign so that his lawsuit could be filed. On September 6, 2011, the last day for filing the complaint, his care giver delivered the papers to the Ann Arbor Clerk's Office, but when she arrived she learned that the office had been permanently closed. Plaintiff claims that his care giver did not drive to a

different Clerk's Office to file the lawsuit because she did not have enough time to get directions, make the trip, and return home in time to pick up her son from school.

Plaintiff maintains that he was not informed that the Ann Arbor Office was closing. He also claims that had his care giver driven to the Clerk's Office in Detroit she would not have been able to file the lawsuit because Plaintiff's signature was required on some documents. Plaintiff does not discuss whether his complaint could then have been filed at the Ann Arbor office without his signature.

Plaintiff does not state that he asked the Appeals Council for an extension of time to file his lawsuit, nor does he state exceptional circumstances that warrant equitable tolling of the limitations period. While Plaintiff may have admitted himself to the hospital during the last week of the filing period, that does not explain why he could not have filed his complaint sooner. Allowing Plaintiff to file his complaint one day late "likely would create little prejudice to the Commissioner," yet the court must be "mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook v. Comm'r*, 480 F.3d at 437. Ultimately, this case simply demonstrates the "risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Id*. The Court recommends that Defendant's motion should be granted and Plaintiff's complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  June 26, 2012        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 26, 2012         s/ Lisa C. Bartlett
                             Case Manager

5